UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JODY WAYNE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 17-1118-JDT-cgc |
| | ) |
| TROY KLYCE, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING MOTIONS TO COMPEL AS MOOT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Jody Wayne Miller, a prisoner acting *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Tennessee. (ECF No. 1.) Miller alleges he received inadequate medical treatment, in violation of his constitutional rights, during his incarceration in the Crockett County Jail (Jail) in Alamo, Tennessee. United States District Judge Waverly D. Crenshaw granted leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), and transferred the case to this district, where venue is proper. (ECF No. 4.) Thereafter, the Court partially dismissed the complaint and directed that process be issued for the remaining Defendant, Candice Haynes, the former Chief Jail Administrator. (ECF No. 12.) Before the Court is Defendant's motion for summary

judgment. (ECF No. 32.) Miller filed a response to the motion, ECF No. 33), and Defendant then filed a reply, (ECF No. 34).

The Court set out Miller's claims in the order of partial dismissal:

> Miller alleges in the complaint that he was arrested on June 15, 2016, and taken to the Jail. (ECF No. 1 at 4.) A week prior to his arrest, Miller had been injured in an accident in which he suffered a broken collar bone as well as other, less serious, injuries. (*Id.*) He alleges that upon his arrival at the Jail, he told Defendant Haynes that he had an appointment to have surgery at a local hospital. (*Id.*) However, Haynes allegedly told Miller they did not take people to the hospital from the Jail because there were not enough employees to do so. (*Id.* at 5.) When Miller told Haynes that his collar bone was broken and he was in a lot of pain, she allegedly told him that was not her concern. (*Id.*) Although Miller told Haynes he had been prescribed medication for the pain, he was not given that medication. (*Id.*)
>
> Miller further alleges that an unidentified nurse . . . refused his request for assistance in getting to the hospital for surgery, refused to provide him with his prescribed pain medication, and refused to adequately examine his injury. (*Id.* at 5-6.) Although she ultimately provided him with two Ibuprofen daily, Miller alleges it had no effect on his pain. (*Id.* at 6.)
>
> Miller asserts that when he received no help from Defendant Haynes or the nurse, he sent a note to Sheriff Klyce but received no reply. (*Id.*) Miller then filed two grievances seeking medical help and transportation to the hospital for surgery. (*Id.*) He alleges the only response to the grievances was from Defendant Haynes, who told him that he had better stop trying to cause trouble for the Jail. (*Id.* at 7.) . . . .
>
> Miller alleges he remained in the Jail for two months without treatment, during which his collar bone healed crooked, twisting his shoulder into an awkward position and continuing to cause him pain. (*Id.* at 7.) He states that after he was transferred into the custody of the Tennessee Department of Correction, his collar bone had to be re-broken and surgery done to repair it. (*Id.*) Miller asserts that he still has some pain because the bone will never be perfectly aligned due to the delay in treatment at the Jail. (*Id.*)

(ECF No. 12 at PageID 53-54.)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;

> (2) consider the fact undisputed for purposes of the motion;

> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

3

>    (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In *Celotex Corp.*, the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher. Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In support of the motion for summary judgment, Defendant Haynes has submitted her Declaration, (Haynes Decl., ECF No. 32-3); the Declaration of Shannon Hughes, the current Chief Jail Administrator, (Hughes Decl., ECF No. 32-4); and copies of five General Request Forms filed by Miller while he was housed at the Jail, (Exs., ECF No. 32-5). Miller's response to the summary judgment motion is itself sworn and notarized but is not supported by any additional evidence.[2]

Defendant first contends she is entitled to judgment as a matter of law because Miller did not exhaust his administrative remedies.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is

---

[2] Miller's complaint is notarized as well. However, the notarized statement recites: "I certify under the penalty of perjury that this is the first lawsuit filed in this case and all statements above are true and correct *to the best of my knowledge and belief*." (ECF No. 1 at PageID 9) (emphasis added). This diluting language prevents the complaint from being treated as an affidavit. *See, e.g., Glenn v. Apol*, No. 1:17-cv-545, 2019 WL 3805476, at *3 (W.D. Mich. July 19, 2019).

a prerequisite to suit."). However, a prisoner is not required to demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. Failure to exhaust is an affirmative defense on which the defendant has the burden of proof. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances. *Woodford v. Ngo*, 548 U.S. 81 (2006). The Sixth Circuit requires prisoners "to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224). "[I]f the plaintiff contends he was prevented from exhausting his remedies . . . the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles*, 678 F.3d at 458 n.10.

Both Defendant Haynes and the current Jail Administrator, Hughes, state in their Declarations that Miller filed no grievances complaining about his medical care at the Jail or about the actions of Defendant Haynes. (Haynes Decl. ¶ 21, ECF No. 32-3 at PageID 167; Hughes Decl. ¶ 8, ECF No. 32-4 at PageID 170.) However, in his sworn response to summary judgment, Miller states he did submit grievances against Defendant Haynes but received no responses. (ECF No. 33 at PageID 177-78.) Summary judgment therefore is not appropriate based on a failure to exhaust.

Defendant Haynes also contends, however, that the undisputed evidence in the record shows she did not violate Miller's right to adequate medical care. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (same). "Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Johnson*, 398 F.3d at 874 (internal quotation marks and citation omitted).

The objective component of an Eighth Amendment claim requires that a prisoner have a serious medical need. *Blackmore*, 390 F.3d at 895; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks and citations omitted); *see also Santiago,* 734 F.3d at 590 (same); *Johnson*, 398 F.3d at 874 (same). In this case, Defendant does not dispute that Miller had an objectively serious medical condition.

7

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.*

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment.").

8

> Furthermore, "[i]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

*Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012).

In her Declaration, Defendant Haynes asserts that she is not a medical provider. (Haynes Decl. ¶ 2, ECF No. 32-3 at PageID 163.) During the relevant time period, the Jail contracted with a third-party medical provider to provide inmates with medical treatment. (*Id.* ¶ 8, at PageID 164.) Lisa Williams, a nurse practitioner who was not named as a party in the complaint, was the medical provider at the Jail. Haynes states that she did not act with deliberate indifference to Miller's medical needs but followed Williams's orders concerning the inmates' medical care; Haynes relied at all times upon Williams's medical expertise in making appropriate diagnoses and treatment. (*Id.* ¶¶ 8, 15, 22, at PageID 164, 166, 167.)

Haynes further avers that she reviewed the Jail's records, which show that when Miller was booked into the Jail on June 13, 2016, a medical history was taken and a medical intake form was completed. The booking officer noted Miller wore a sling on his left arm because of a broken collarbone and had been prescribed both Hydrocodone and Ibuprofen for pain; that information was given to Nurse Williams. (*Id.* ¶ 9, at PageID 165.) Nurse Williams saw and examined Miller the next day. She obtained records from his outside

medical providers that indicated Miller was non-surgical and was to wear the sling. (*Id.* ¶ 10.)

Because of safety and security risks, Jail policy did not allow narcotics to be dispensed to inmates, so Nurse Williams did not order Hydrocodone for Miller but did prescribe Ibuprofen. Haynes asserts that based on Nurse Williams's orders, she believed that treatment was sufficient for Miller's medical needs. (*Id.* ¶ 11.)

Defendant Haynes further asserts she does not recall Miller ever complaining to her about his medical care but, if he had, she would have relayed the information to Nurse Williams and advised Miller to talk to Williams about his concerns. (*Id.* ¶ 16, at PageID 166.) In addition, Haynes states Jail policy does not allow an inmate to be taken to an outside medical appointment made prior to arrival at the Jail. This is due to the increased risk of an escape attempt if the inmate is transported to a previously-scheduled appointment that family and friends may already know about. Thus, any outside medical examination or treatment deemed necessary by Nurse Williams would be made with a medical provider approved by the Jail. (*Id.* ¶ 17, at PageID 166-67.) However, Nurse Williams did not, at any time, advise Haynes that Miller needed to be examined by an outside medical provider or that he needed any additional medical treatment other than Ibuprofen. (*Id.* ¶ 13, at PageID 166.)

As stated, Miller's response to the motion for summary judgment is sworn and notarized. However, the only statement therein that can be considered a fact is that he filed grievances against Defendant Haynes. The remainder of the statements in the response are

merely objections, argument, and conclusions that are not evidence. In addition, though Miller submitted responses to Defendant's Statement of Undisputed Facts, with regard to each numbered paragraph he wrote only, "Admit," "Deny," or "I do not have sufficient information to admit or deny; therefore I deny." (ECF No. 33-1 at PageID 180-86.) He has cited to no actual evidence in the record to support his denials.

The undisputed evidence in the record shows that Defendant Haynes relied upon Nurse Williams, the medical provider at the Jail, to determine Miller's treatment. While Miller claims otherwise, there is nothing to suggest that Haynes had any reason to believe Williams was not providing Miller with appropriate medical care. There is thus no evidence that Haynes acted with deliberate indifference to a substantial risk that Miller would suffer serious harm.

The Court finds there is no genuine issue of material fact for trial in this case and that Defendant Haynes is entitled to judgment as a matter of law. The motion for summary judgment is GRANTED, (ECF No. 32). Defendant's motions to compel discovery, (ECF Nos. 30 & 31), are DENIED as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Miller in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal by Miller would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Miller would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Miller nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Miller is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE